IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LARRY GENE MARTIN, ) | Civil Action No. 4:04-cv-22455-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| TOM FOX, DIRECTOR, J. REUBEN ) | |
| LONG DETENTION CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Larry Gene Martin ("plaintiff/Martin"), filed this action under 42 U.S.C. § 1983[1] on October 20, 2004. Plaintiff alleges that his constitutional rights were violated by defendant due to medical indifference related to dental care. Plaintiff seeks to have his "bottom partial fixed, the rest of my extractions top and bottom taken out where I can eat and chew properly." (Complaint). Plaintiff also seeks "compensation for making me suffer in pain for the last two months, pain and suffering, damages due to lack of care from this facility." (Complaint). On April 14, 2005, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and affidavits in support of that motion (document #10). Because the plaintiff is proceeding pro se, he was advised on or about April 15, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

dismissal of his complaint. Plaintiff has failed to file a response.

## II.  RULE 41(b) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment. A review of the file reveals that plaintiff has not filed any documents with this court since his complaint and statement of assets on October 20, 2004.   The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the complaint should be dismissed for failure to prosecute. It is, therefore,

2

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute.

                      Respectfully submitted,

                      s/Thomas E. Rogers, III
                      Thomas E. Rogers III
                      United States Magistrate Judge

May 24, , 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**